# NEW YORK COMMON PLEAS.

## JULES JURGENSEN agt. JAMES ALEXANDER.

Where it is shown by evidence that the defendant has violated·a well known *trade mark* of the plaintiff, he will be *perpetually enjoined and restrained* by the court from disposing of, selling, or causing to be disposed of or sold, any of the articles bearing the false, simulated or spurious stamp or mark.

And the defendant will be required to produce, before a *referee* appointed by the court, such spurious articles which at the time of the commencement of the action were in his possession, for the purpose of having the spurious trade mark *erased* or *liberated* therefrom, by or under the direction of the referee, at the *cost and expense of the defendant*, with the *costs* and *disbursements* of the action.

*New York Special Term, Dec.*, 1862.

THE plaintiff brought his action against the defendant for an infringement of his well known trade mark, "Jules Jurgensen," engraved on the cap or inside back of each of his own genuine watches.

The action was tried before the court without a jury, who, after hearing the proofs and allegations of the parties, found the following facts and conclusions of law thereon.

> PLATT, GERARD and BUCKLEY, *Attorneys*, and THOMAS
> C. T. BUCKLEY, *Counsel, for plaintiff*.
> J. VAN WINKLE, *Attorney and Counsel, for defendant*.

BRADY, J.    *First.*—That at the time of the commencement of this action, and for twenty years previous thereto, the above named plaintiff was a manufacturer and vendor of watches, carrying on his business in Switzerland and Copenhagen.

That the trade mark used by him for the purpose of distinguishing and designating the watches manufactured by him was " Jules Jurgensen, Copenhagen," and that said trade mark was so used and employed by him on all such watches so manufactured or sold by him; being inscribed on the cap or inside back of each watch.

*Second.*—That said watches, so manufactured and sold by the plaintiff, bearing such trade mark or device, were at the time of the commencement of this action, bought, sold, and dealt in by dealers in watches and others, on the faith and credit of the said trade mark, and that the same had acquired a wide spread reputation, and an extensive sale.

*Third.*—That at the time of the commencement of this action, the defendant being a dealer in watches and other merchandise, had in his possession, at his place of business, in the city of New York, exposed for sale, four watches, purporting to be manufactured and made by the above-named plaintiff, and bearing the trade mark " Jules Jurgensen, Copenhagen."

That said watches were not, in fact, manufactured or made by the said plaintiff, but were of a much inferior

quality and description, and that said trade mark thereon was false, simulated, and spurious.

And having in and by said decision determined, as a conclusion of law, that the plaintiff is entitled to the judgment hereinafter set forth, I direct the same to be entered accordingly:

*First.* — That the defendant, James Alexander, his agents, clerks, servants, and all persons employed under or in connection with him, be perpetually enjoined and restrained from disposing of, selling, or causing to be disposed of or sold, any watches bearing the false, simulated and spurious stamp or mark, "Jules Jurgensen, Cophenhagen."

*Second.*—That the said defendant do produce before Nathaniel Jarvis, Jr., Esquire, appointed herein referee for such purpose, the said watches, which at the time of the commencement of this suit were in defendant's possession, and had upon them the said false, simulated and spurious trade mark, to be erased or liberated therefrom, by or under the direction of the said referee, at the cost and expense of the said defendant.

*Third.*—That the said plaintiff, Jules Jurgensen, do recover against the said defendant, James Alexander, his costs and disbursements, adjusted at the sum of one hundred and twenty-five dollars and thirty-one cents, and that the said plaintiff have execution therefor.